IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE JAMES ATMORE,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | Case No. 5:25-cv-519-CAR-ALS |
| : | |
| **BIBB COUNTY LAW** : | |
| **ENFORCEMENT CENTER,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

### ORDER

Plaintiff Willie James Atmore, an individual most recently housed in the Central State Hospital in Milledgeville, Georgia, has filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). On December 2, 2025, the Clerk issued Plaintiff a notice of deficiency advising Plaintiff that Rule 11 of the Federal Rules of Civil Procedure requires "[e]very pleading, written motion and other papers" to be "signed by a party personally if the party is unrepresented." The Clerk thus instructed Plaintiff to re-file his signed document within fourteen (14) days of the notice of deficiency and warned Plaintiff that failure to comply with the notice could result in the dismissal of his case.

The time for compliance has now passed without a response from Plaintiff. As Plaintiff was previously warned, Federal Rule of Civil Procedure 11 provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention" (emphasis added). The Court therefore **STRIKES** Plaintiff's Complaint for failure to comply with Rule 11, and this case is **DISMISSED**

**without prejudice.**[1]

    **SO ORDERED**, this 22nd day of January, 2026.

                                                   s/ C. Ashley Royal
                                                 C. ASHLEY ROYAL, SENIOR JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[1] Dismissal of this case is also appropriate pursuant to Federal Rule of Civil Procedure 41(b), which permits dismissal of an action where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  *See, e.g., Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).  Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions).