IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE JAMES ATMORE,                :
                                    :
            **Plaintiff,**          :
                                    :
**v.**                              :        **Case No. 5:25-cv-519-CAR-ALS**
                                    :
**BIBB COUNTY LAW**                 :
**ENFORCEMENT CENTER,**             :
***et al.*,**                       :
                                    :
            **Defendants.**         :
_____     :

## <u>ORDER</u>

Presently pending before the Court are the claims *pro se* Plaintiff Willie James Atmore, an individual in the Central State Hospital in Milledgeville, Georgia, seeking relief pursuant to 42 U.S.C. § 1983.  On January 22, 2026, the Court struck Plaintiff's Complaint for failing to sign it in compliance with Federal Rule of Civil Procedure 11, dismissed this case, and entered judgment (ECF Nos. 4, 5).  Plaintiff has since filed a motion for reconsideration of the order of dismissal (ECF No. 7) and a motion requesting a jury trial to be scheduled for February 4, 2026 (ECF No. 8).

In light of the Court's duty to liberally construe *pro se* pleadings, and because final judgment has been entered, the Court will construe Plaintiff's motion for reconsideration as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the

motion in order to place it within a different legal category" for reasons including the creation of "a better correspondence between the substance of a *pro se* motion and its underlying legal basis" and the avoidance of "an inappropriately stringent application of formal labeling requirements"). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Plaintiff has filed the same motion in at least three of his pending cases. *See* ECF No. 7 at 1. As appears relevant to this case, Plaintiff suggests that he could not comply with the Court's December 2, 2025 Order because he did not receive that Order until December 12, 2025. *Id.* at 2, 3. Even if that is true, however, Plaintiff still had plenty of time to deliver either a signed Complaint or a motion for an extension of time to prison officials for mailing. Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, Plaintiff's response to the December 2, 2025 Order would have been considered timely if he had signed it on or before December 19, 2025. *See* Fed. R. Civ. P. 6(d) (allowing three

2

additional days to comply where service is made by mail).  Plaintiff did not submit any response for more than a month, nor does he clearly explain why he did not do so.  Although he states that officials at Central State "injected [him] with mixed liquids" on December 25, 2025, ECF No. 7 at 2, it is not clear why this injection would have prevented him from responding at all, much less between December 12th and December 19th.  Moreover, Plaintiff also has pending before the Court another complaint in which he appears to raise many of the same claims that he raises in the above-captioned case, *Atmore v. Mincey*, Case No. 5:26-cv-41-CAR-CHW (M.D. Ga. Jan. 29, 2026).

At the same time, however, at least some of Plaintiff's claims could be barred by the applicable statute of limitations if his Complaint is dismissed without prejudice.  More specifically, it appears Plaintiff may be attempting to raise claims concerning his treatment at the Bibb County Law Enforcement Center between December of 2022 and the time he was transferred to Central State Hospital.  ECF No. 1 at 5.  Plaintiff contends that while he was housed in the Bibb County LEC, he lost more than sixty pounds and was assaulted several times, but officers did nothing to help him.  *Id.*  He also alleges a female deputy threatened to shoot him with a taser if he did not let her take his vital signs, and he says that jail officials "trick[ed him] to a suicide cell."  *Id.*

In an abundance of caution, the Court **GRANTS** Plaintiff's motion and will reopen this case so that Plaintiff may raise his claims concerning his treatment at the Bibb County LEC.  Plaintiff is thus **ORDERED** to submit a recast complaint on the Court's standard form that is limited to those claims.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to

3

include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)     *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)     *When* and *where* did each action occur (to the extent memory allows)?

(3)     *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)     *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)     *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast

complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case. Plaintiff should also ensure that he signs his Complaint in accordance with Federal Rule of Civil Procedure 11.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this

5

form.   Once Plaintiff has submitted his recast complaint, the Court will screen it to determine whether any of Plaintiff's claims should proceed for further factual development pursuant to 28 U.S.C. § 1915A and/or § 1915(e).  Plaintiff's motion to conduct a jury trial on February 4, 2026 (ECF No. 8) is therefore **DENIED.**

To reiterate, Plaintiff's motion for reconsideration (ECF No. 7) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file a recast complaint on the Court's standard form that raises only his claims concerning his treatment at the Bibb County LEC.  Plaintiff's motion for a February 4, 2026 jury trial (ECF No. 8) is **DENIED.**  Plaintiff is reminded to notify the Court immediately and in writing of any change in his mailing address.  **The failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this case.**  There shall be no service of process until further order of the Court.

**SO ORDERED** this 4th day of March, 2026.


s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT